UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THE UNITED STATES LIFE
INSURANCE COMPANY IN THE CITY
OF NEW YORK,

    Interpleader Plaintiff,

v.

JOYCE M. TAYLOR,

EUGENE ROBINSON,

CELESTE ROBINSON,

and

MARK KAREEM ROBINSON,

    Interpleader Defendants.
-------------------------------------------------------x

Civil Action No.

Judge _____

**COMPLAINT FOR INTERPLEADER RELIEF**

Interpleader Plaintiff The United States Life Insurance Company in the City of New York ("U.S. Life"), by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Interpleader Defendants Joyce M. Taylor, Eugene Robinson, Celeste Robinson, and Mark Kareem Robinson, and states as follows:

**Parties**

1. The United States Life Insurance Company in the City of New York ("U.S. Life") is a corporation incorporated under the laws of the State of New York with its principal place of business in New York, New York.

2. Joyce M. Taylor is a citizen of New York domiciled in Bronx County.

3. Eugene Robinson is a citizen of New York domiciled in Bronx County.

4. Celeste Robinson is a citizen of North Carolina domiciled in Guilford County.

1

5.      Mark Kareem Robinson is a citizen of Texas domiciled in Harris County.

## Jurisdiction and Venue

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1335. U.S. Life has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, 1397 because one or more of the Defendants resides in Bronx County, New York, which is in the Southern District of New York pursuant to 28 U.S.C. § 112(b).

## Factual Background

8.      On or about November 30, 1987, Eugene Robinson, Sr. (the "Decedent") submitted an application to American General Life Insurance Company of New York for life insurance. *See* Application, **Exhibit A**. The Application designated the primary beneficiary as Joyce Robinson, wife, and the contingent beneficiary as "all children = shares." *Id.*

9.      On or about February 13, 1988, the Decedent was issued life insurance policy number 500444065C (the "Policy") by American General Life Insurance Company of New York, which currently has a death benefit of $76,412. *See* American General Policy Number 500444065C Schedule of Benefits, **Exhibit B**. The Policy is currently administered by U.S. Life.

10.     On or about April 23, 1998, the Decedent and Defendant Taylor were divorced by Judgment of Divorce entered by the Supreme Court of the State of New York, County of New York in *Eugene Robinson v. Joyce Robinson*, Index No. 310169/95. *See* Judgment of Divorce, **Exhibit C**. Following the divorce, Joyce Robinson became known as Joyce Taylor.

11.     The Judgment of Divorce referenced, in pertinent part, an "oral stipulation settling this matter" and stated that "all equitable distribution of the assets of the marriage has heretofore

been made and each party waives any claim that he or she may have to the pension of the other party." *Id.* The Policy was not specifically referenced by the Judgment of Divorce.

12. The Judgment of Divorce listed two children of the marriage, Defendant Eugene Robinson and Defendant Celeste Robinson. *Id.*

13. The Decedent died on January 22, 2023.

14. As a result of the Decedent's death, the Policy's death benefit became due and payable to the beneficiary or beneficiaries.

15. U.S. Life did not receive any request to change the beneficiary of the Policy prior to the Decedent's death.

16. On or about September 13, 2024, Defendant Taylor submitted a claim to the Policy' death benefit. *See* Claimant's Statement, **Exhibit D**.

17. On or about November 14, 2024, Defendant Mark Kareem Robinson also made a claim to the Policy death benefit asserting he is a child of the Decedent.

18. Defendants Taylor, Eugene Robinson, and Celeste contest this assertion.

19. New York's revocation on divorce statute, NY EPTL § 5-1.4, states, in pertinent part,

> (a) Except as provided by the express terms of a governing instrument, a divorce… revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including… by beneficiary designation in a life insurance policy[.]
>
> (b) (1) Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation.

*See* NY EPTL § 5-1.4.

20. U.S. Life is unable to determine whether Taylor's designation as primary beneficiary of the Policy has been revoked by operation of NY EPTL § 5-1.4.

21. In the event Taylor's designation as primary beneficiary of the Policy is revoked by operation of NY EPTL § 5-1.4, U.S. Life is unable to determine the children of the Decedent that would be entitled to receive the Policy death benefit as contingent beneficiaries.

### Count One

### Interpleader Relief

22. U.S. Life incorporates Paragraphs 1-21 by reference.

23. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and U.S. Life is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

24. U.S. Life is a disinterested stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigation relating to the death benefit due and payable under the Policy.

25. U.S. Life neither has, nor claims, any interest in the death benefit due and payable under the Policies, and at all times has been willing to pay the death benefit to the person or persons entitled to them.

26. U.S. Life should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of U.S. Life.

27. U.S. Life has in no way colluded with any of the parties named herein concerning the matters of this case. U.S. Life has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

28. U.S. Life will seek leave to deposit into the registry of the Court the death benefit due and payable under the Policy, plus accrued interest, if any.

29. U.S. Life alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335, and further alleges that it is entitled to recover its reasonable attorneys' fees and costs incurred as a result of these proceedings.

## **Relief Requested**

WHEREFORE, Plaintiff The United States Life Insurance Company in the City of New York respectfully requests the following relief:

a. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

b. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under U.S. Life life insurance policy number 500444065C issued to the late Eugene Robinson, Sr.;

c. That this Court discharge U.S. Life of and from any and all further liability under U.S. Life life insurance policy number 500444065C issued to the late Eugene Robinson, Sr. and on account of the death of Eugene Robinson, Sr.;

d. That Defendants be enjoined from instituting or prosecuting against U.S. Life any proceeding in any state or United States Court or administrative tribunal relating to the death benefits payable under U.S. Life life insurance policy number 500444065C issued to the late Eugene Robinson, Sr. and on account of the death of Eugene Robinson, Sr., and that said injunction issue without bond or surety;

e. That this Court enter an order awarding U.S. Life its attorneys' fees and costs in connection with this action, to be deducted from the death benefit due and payable under U.S. Life life insurance policy number 500444065C issued to the late Eugene Robinson, Sr.;

f. That this Court excuse U.S. Life from further attendance upon this cause and dismiss U.S. Life from this case, with prejudice; and

g. That this Court grant U.S. Life such other and further relief as this Court deems just and equitable.

DATED:  April 15, 2025                Respectfully submitted,

By: */s/ Edward A. Velky*
Edward A. Velky, Esq.
BRESSLER AMERY & ROSS, P.C.
325 Columbia Turnpike

Florham Park, New Jersey 07932
Tel.: (973) 514-1200
Fax: (973) 514-1660
E-mail: evelky@bressler.com

*Attorney for Interpleader Plaintiff*
*The United States Life Insurance Company in the*
*City of New York*